Francesca Frachero on behalf of Appellant William Burdge When faced with a recidivist sentencing statute, competent counsel spots a potential issue, and that issue is the question of whether the previous conviction must be suffered before the commission of the crime for which the defendant faces sentencing. I agree. I don't believe counsel for Mr. Burdge spotted the issue. I think that competent counsel would have. That's exactly the ineffectiveness. In other words, whenever in a criminal sentencing there's a statute whose phrase includes a defendant who has been previously convicted, it at least raises the question whether that previous conviction has to have been suffered before the defendant committed the crime for which he faces sentencing. And then counsel would explore whether that is, in fact, a plausible argument to make about the statute, and when the text of the statute and legal theory, logic concerning the purposes in criminal sentencing, and decisions from other jurisdictions all combine to make a persuasive argument that the statute should not apply to that  If the defendant has not been convicted before he committed the crime for which he faced sentencing, then counsel must object to the application of that statute absent a strategic reason for not doing so. Counsel in this case did not do that. He didn't even read the statute. It appears that he did not even read the statute. Didn't even know it was there. He did not calculate the defendant's exposure in any way. Didn't do the arithmetic. He said to the court that he did not do the arithmetic. That's correct. The Supreme Court of Oregon, somehow, came to the conclusion that the statute was not sufficiently ambiguous that a reasonable lawyer would have recognized the ambiguity. I never took a legal test for the clause in the law, whether a reasonable lawyer would have recognized the issue. The question, really, seems to me, is whether that decision is unreasonable application. Yes. First, I do think the Oregon Supreme Court was incorrect. But the unreasonable part of its decision was that it based its decision on the words within the statute alone. In other words, the Oregon Supreme Court was saying that sentencing counsel would look only to the words of the statute and, in this instance, it said, would not have perceived the ambiguity there. What's unreasonable about that is that that's not what competent counsel's job is. The appellate court, in construing the words of the statute, has that job. But competent counsel has more to do than simply interpret the texts in the text of the statute. In other words... What's the answer for unambiguity? What should be there to put it back to doing more than that? I don't know that that is accurate. If the statute unambiguously said something that was at odds with some other principle of the law, I believe competent counsel might still have to object. The point is, it's not just the ambiguity of the words that give counsel the duty to object to its application to the defendant. In other words, a statute could very, very clearly state something against which counsel should have an argument because of some other principle or some conflicting legal theory, and then the duty to object would arise. Respondent argues that having this obligation on counsel at sentencing is akin to forcing counsel to be prescient, as if what the Oregon Supreme Court did later when it interpreted the recidivist sentencing statute was a novel interpretation of the law. I think that's incorrect. What the Oregon Court of Appeals said it was doing when it addressed that statute was merely announcing a logical conclusion that previously convicted in the recidivist sentencing statute means convicted before the commission of the crime for which the defendant faces sentencing. And courts in many other jurisdictions had held the same principle to be the case. Kansas, Kentucky, South Dakota, Colorado, many other places had interpreted similar statutes in this way. It is incorrect to say that what happened in the Court's decision in Allison was a novel interpretation. It is one that is very familiar in sentencing theory, that the offender is punished more harshly if he goes out and commits a crime having already been convicted and prosecuted for an offense. It is indeed Hornbook law and criminal procedure. There are courts that have disagreed with that principle, but it's clearly a well recognized one. The cases that Respondent cites in support of that position also deal with very different kinds of interpretation of the law. In one instance, it's a case about the interpretation of Oregon's felony murder statutes. In another, it's about a legal decision that came down four years after the proceeding at issue, which actually changed preexisting case law. Allison, in this instance, was not that sort of novel interpretation. It didn't require much creativity to read the statute and believe that previously convicted meant convicted before he committed the crime. The other point that Respondent makes is that there were two decisions in Oregon based on the application of the Oregon sentencing guidelines, which would have dissuaded competent counsel from making the argument that the recidivist sentencing statute did not apply. Those two, that argument is incorrect. First, it was rejected by the Oregon Court of Appeals in Allison. Second, it wasn't even considered by the Oregon Supreme Court in its decision. But more importantly, rules interpreting sentencing guidelines, as opposed to rules concerning the substantive, the sentence for the substantive offense, are familiar to most criminal practitioners as apples and oranges. In other words, the recidivist sentencing statute was, as its title indicated, a penalty for a certain type of felony conviction. The Oregon administrative rules governing criminal history was about how to apply the Oregon sentencing guidelines, and those distinctions are like those we are familiar with in Federal court about the difference between, say, the application of the Armed Career Criminal Act versus the application and calculation of a person's criminal history. I want to ask you two questions. Did you find any Ninth Circuit authority holding that trial counsel's failure at sentencing to, you know, comprehend the law and argue against the state's recommendation for a harsher penalty amounts to ineffective assistance at counsel? I did not cite any such cases in the brief. I relied on U.S. Supreme Court authority and Darden v. Wainwright about the Strickland standard applying at sentencing. Well, but did you find, I just asked, did you find any Ninth Circuit authority on that? Ninth Circuit, none that, no, not in the briefing. How about authority from other circuits? I believe I stopped in the briefing with the Supreme Court authority and did not look to the authority from other circuits, but there's none included in the briefing. Uh-huh. There is authority in other circuits. So you missed it. Okay. Let me ask you this. Which is your stronger argument, that the Oregon Supreme Court unreasonably applied Strickland or that the Oregon Supreme Court's decision involved an inappropriation of facts? The stronger argument is that the Oregon Supreme Court unreasonably applied Strickland. Okay. Good. All right. Thank you. May I please record to Sylvester for Respondent Superintendent Pollack. I'm sorry. I didn't understand your question, Your Honor. I said, don't you think the Oregon Supreme Court, Sylvester, rather than lower a view that the ability of Oregon lawyers is extremely poor? No, Your Honor. They think Oregon lawyers wouldn't recognize that this was ambiguous? Let me ask you, let me explain that, if I can. Counsel over and over and over and over again calls this a recidivist statute. It is not a recidivist statute. The other thing to keep in mind is that this statute was initiated by the people. It was voted on by the people. This was not enacted by the legislature. And so the legislative history of this, in interpreting this particular statute, it is unreasonable to go out and say, what is the law in Kansas? What is the law in Alaska? What does ALR say about these kind of statutes? The question is, what would a voter in the state of Oregon in 1988, when Ballot Measure 4 was enacted, how would they interpret this statute? Does it matter what language the statute is? Identical statute in two states? The identical statute in two states, if other states want to interpret their statute for whatever judicial reasons, narrowly, is one thing. In Oregon, though, we don't go and look at the statutes of other states. We look at the plain text of the statute. We look at the legislative history of the statute. If you look at the plain text of the statute, by the legislature, you have a different access to the statute? Well, actually, in Oregon, no, because either way under Oregon, we interpret statute according to their plain text. If you look at the plain text of this statute, what it says, when in the case of a felony described in subsection 2 of this section, a court sentences a convicted defendant who has previously been convicted of any felony designated in subsection 2, so forth. There is nothing in this statute that says when the defendant previously was convicted before he committed this crime. It doesn't say that. Any person looking at this statute, the plain text, a voter, a person on the street taking a look at this would say, that means if at the time of sentencing the guy has prior conviction, it applies. I don't know if someone came along, otherwise, like the members of the Oregon Court of Appeals. Well, right. I mean, what we have here is a situation. It would only be a conflict of the Oregon Court of Appeals. What we have here is a situation, and with all due respect to the Oregon Court of Appeals, the Oregon Court of Appeals decision in Allison is simply wrong. It has always been wrong. It makes no sense to me. And when this issue got up before the Oregon Supreme Court in this case, it did. If they were to revert, all it has to do is raise an argument. What do you have to lose to say, well, yeah, it could be otherwise interpreted? Obviously, it couldn't. It's the Oregon Court of Appeals.  It's the Oregon Court of Appeals. It's the Oregon Court of Appeals. But just to say that it's a possible argument. Well. Well, the question I don't believe is whether there is a possible argument. The question is whether, under Strickland, a reasonable lawyer, under the circumstances then existing, under the case law as it then existed, would have seen this argument and pursued it. And the answer that the Oregon Supreme Court said is, when you look at the plain text of the statute before the Allison decision, it is not unreasonable for a lawyer to assume that the circumstances in which this defendant found himself were such that he was subject to this statute. Because in this situation, if you recall, he committed a burglary sexual assault, burglary sexual assault, burglary sexual assault. Different victims, different days, et cetera. He was convicted of them all before he was sentenced. Then he was sentenced at the same time. At the time ballot measure four was presented to the voters, the proponents of repeated offenders. And if you look at this, burglary sexual assault, burglary sexual assault, burglary sexual assault, ask anybody on the street, is that a repeat offender? And they would say yes. You don't want to ask anybody on the street what's the reasonable interpretation of the statute. You want to ask lawyers and judges. Well, but in interpreting this statute, the question is, what would the voters on the street have intended? What would they do? Pardon me? What they did was not what they thought they were doing. Well, that's true. So if they didn't do what they thought they were doing, it's the lawyer's duty to say, look, this statute isn't clear. Here's one interpretation of it. That's true. I don't disagree with you, Your Honor, on that. But what we have is the Court of Appeals opinion in Allison, which finally interpreted the statute in the way that I think has no support. There was a strong dissent saying that the majority's interpretation was not plausible. And then this issue came up roundaboutly in this case in the Supreme Court in Burge, where it was an appeal from post-conviction proceedings. So the Supreme Court in Burge, this case, did not need to resolve whether Allison was correctly decided as far as interpreting the statute. But the majority of the Supreme Court in Burge very clearly said, very clearly conveyed that this is- Well, I mean, some Supreme Court judges said it clearly like that. In both cases, there were people who disagreed. I don't see what the issue is about whether this was ambiguous. Well, you know- How could it not be ambiguous? To me, it's not- Well, you know, my view is when you look at this, this is clear as- You look at this phrase here. A court sentences a convicted defendant. They're sentencing this person now because he's been convicted, who has previously been convicted of any felony. So that means that the felon, the person who convicted a felony, who's now before the court, has a prior felony conviction. That's right. And the previously, as an adverb, relates back to when the person is sentenced. And so the previously, under normal grammatical construction, means that at the time the person is being sentenced, was he previously convicted? That's been our point all the way through. This means exactly what it says. What the court of appeals said in Allison is, no, no, no. This means, did he, was he convicted at the time he committed this offense? Well, that's not anywhere in this statute. The court sentences a convicted defendant. Isn't this- Were all three of these crimes, were they consolidated for sentencing? Yes. So there was one sentence imposed, taking into consideration all three of them. Well, it's a- What happened was, is that he was tried separately on all the different charges. For sentencing, they were all consolidated. Correct. And when the court imposed sentence, it imposed sentence on the first convictions set of convictions first. Then it adjusted the defendant's criminal history score under the Miller-Buchholz rule, where you count prior convictions. And then it adjusted the criminal history for purpose of imposing on the second set, and then did the same for the third set. And then when it imposed sentence on the second set, it said, well, he has a prior conviction. Now he has a previous conviction for burglary, so he is subject to this statute because of the previous conviction. And, I mean, that's entirely consistent with the practice that the Supreme Court adopted in the Miller-Buchholz case that is for purposes of calculation of criminal history. And so back in 1994, when this case was being sentenced, we had Miller-Buchholz on the books, which indicated that, you know, for purposes of conviction and sentencing, if you are sentencing in a consolidated proceeding, a bunch of crimes committed that were entered in separate cases, you take into account the first group of convictions that were sentenced when imposing sentence on the second group of convictions. And then you take those into account when imposing sentence on the third group. And that's the Miller-Buchholz rule. And the assumption was, prior to Allison, that that's the same thing that this statute requires. Q. Is there anything in the statute that shows that he has ever written a statute? A. Well, his affidavit, all it says in the affidavit, and that's in the petition. Q. Now, I read the affidavit. I've never heard of it. He didn't mention the statute? A. Well, he didn't mention the statute, but that was in the petition and he was responding to the claim. And this was obviously in response to the claim. And that's that excerpt of Record 53. At that point, in my experience as criminal attorney, I had enough experience to know the sequence in which convictions, sentences are meted out should be in the same sequence as the conviction. Additionally, Miller and Buchholz had recently been decided, and I was aware that the sentencing court could use previous convictions to boost a defendant's criminal history score. And so what he is essentially saying, I believe, is that he assumed, as I think most people did at that time, that this statute would be applied and construed the same way as Miller-Buchholz rule, and that is when the person is being sentenced, does he have a previous conviction? Yes. He was just sentenced on that one. He was convicted and sentenced, and so he has a previous conviction when he is sentenced for this one. I mean, it seems obvious to me. Now, the Court of Appeals. Well, I mean, you know, previous, you could say previously been convicted. You could read in there who had been convicted before committing, you know, the instant offense. Or you could read it the other way, who has previously been convicted. Well, which gets me back. So, you know, there is some ambiguity there. And an argument could have been made on that score, but wasn't. But the lawyer wasn't even aware of this section. Oh, I think he was. I think it's clear that he was aware of the statute. And he didn't make any. Well, I don't know whether he was or not, but he certainly didn't make the argument. He didn't do his arithmetic. And then, lo and behold, the Oregon Court of Appeals made the argument for him. So if he had been successful in making that argument, he would have knocked off, what, four and a half years off his sentence. Well, that's one other thing I want to clarify. The sentence that he got is not at issue. And that is, is that the term of months that he got is entirely lawful. Whether it's a determinate or indeterminate sentence. Well, yeah. The only thing is, is that the application statute means that he doesn't, he is disqualified from earning earned time credits against that sentence, which is entirely speculative. But I'm not going to say that there isn't prejudice in that respect. But the other thing I want to point out is that, so far, Allison is simply a decision by the Oregon Court of Appeals. There has not been a definitive decision by the Oregon Supreme Court on what this statute means. And so it's still not clear, even under Oregon law now. Well, I guess the question is, and this is the cases that we cite in our brief, and that is, is a lawyer supposed to anticipate something novel, some change in the law, some construction of a statute that is not readily foreseeable? And I think the answer is, is that when you look at this statute, what the Oregon Supreme Court was saying is, even if Allison was correctly decided, which the Supreme Court did not decide in Burge, even if you assume that it was correctly decided, the fact of the matter is, no reasonable lawyer would have anticipated that. Because when you look at the face of the statute. Well, my understanding of the particular standard under Strickland is that the lawyer is not a guarantor in the sense that you are supposed to see everything that is going to happen in the future. You are supposed to see every claim, argument that you can make. You're only expected to see those that reasonably you can anticipate. And what the Court said in Burge is that when you, and what Strickland says and cases of this Court has said, is you don't look at this in hindsight. You look at it in the context of when this occurred with the lawyer, when this actually did occur. And back in 1994, before Allison was decided, and you have Miller Buchholz on the books, and you have, I want to point out, we have other, what are actually recidivist statutes in Oregon that very clearly say if you commit a crime after having been sentenced and served that sentence, then you get an enhanced sentence. So we do have in Oregon statutes that are constructed that way. This statute is not. And I think that when you look at it, a reasonable lawyer back in 1994 could say, I don't really have a plausible argument here. Well, but he could read it again another way. A court sentences a convicted defendant who has previously been convicted. So you've got someone who's convicted in front of you who has previously been convicted. You could argue that that means that he was previous to the commission of the crime for which he is standing sentence for. He had been previously convicted of one of those designated felonies. I mean, it's not clear. Well, I will admit there's some awkwardness in the language, and you get that when you have citizen-initiated ballot measures. No, I mean, the lawyers wrote this, too. Somebody didn't sit down in front of a fireplace and scribble this up. It probably went to at least a $250-an-hour lawyer. But, you know, and if a lawyer reasonably diligent would have gone and looked at the legislative history, which would have been the ballot measure and the voters pamphlet, they would have seen over and over again, we want to get repeat offenders. And he would be looking and said, oh, he committed a burglary, committed a burglary, committed a burglary. That's repeat offender. And I think, you know, and so even if you went to the legislative, and the only way that the Oregon Court of Appeals said that there was actually, well, there's some legislative history, and then they went off and looked at ALR articles and decisions from Alaska. And it's like, why would anybody reasonably expect that a citizen of the state of Oregon voting on a ballot measure would do legal research into the way recidivist statutes are interpreted in Alaska? Well, Judge Kleinfeld would. So I think my time is up. Thank you. Sure is. Yeah. OK. Well. I think a reasonable Oregon voter would still ask, what does it mean, previously been convicted? If they're thinking at all about their vote, we have to assume that someone's reading that statute and thinking, what is this about? To whom does this state want to deny good time? It's the guy who's previously been convicted. Logic, not just the law, suggests that that person is the person who was unreformed after having been convicted and goes out again and commits another crime. It's not particularly legalistic. The voters also would have interpreted that statute in that way. I don't mean any magic words by calling it recidivist. I mean it's talking about people who previously have been convicted. It's about the person who had the chance to reform through the criminal justice system coming down on him and still chose not to. My opponent keeps referring to how we interpret text. We interpret text. Well, the Oregon appellate courts interpret text, but I don't think that that's the standard for the criminal attorney at sentencing. That lawyer must also interpret text and come up with arguments against the application of a statute if such an argument is available and plausible. Moreover, the Oregon Supreme Court did not say, neither did the court in Allison, anything about how those cases, Miller and Bucholtz, informed the decision-making process here. That's been an argument advanced by the state since through Allison, through the lower levels of Mr. Burge's case. That's not what the Oregon Supreme Court did in the decision that we're asking this court to view as an unreasonable determination of Strickland. What the Oregon Supreme Court said was because that statute plausibly could have been interpreted in the way the state was interpreting it, counsel had no duty to object to it. I submit that that is the extremely narrow view and an incorrect view under Strickland of the obligation of the advocate. If it's true that that statute plausibly could be argued in the State's favor and it plausibly could be argued in the defendant's favor, then I think the Sixth Amendment requires the advocate to take the position that is in favor of the defendant, not in favor of the State. In that regard, the Oregon Supreme Court unreasonably interpreted Strickland. Thank you. Thank you. All right. The matter will stand submitted. We'll come to the final case, Noel versus Hall. Thank you.
judges: Pregerson, Reinhardt, Strom